IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIM SMITH,                                  Case No. 1:22-cv-231

        Plaintiff,

   vs.

THE AUTOMOBILE INSURANCE
COMPANY OF HARTFORD,
CONNECTICUT;

THE TRAVELERS INDEMNITY
COMPANY; and

THE TRAVELERS COMPANIES,
INC.

        Defendants.

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, Tim Smith, by and through his attorneys, Christopher T. Hildebrandt, Esquire; Christine Zaremski-Young, Esquire; and the law firm of Edgar Snyder & Associates, LLC, and files the following Complaint in Civil Action and, in support thereof, avers the following:

## JURISDICTION

1. Plaintiff brings his Complaint under Federal Diversity Jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

**PARTIES**

2.   Plaintiff, Tim Smith, is an adult individual who currently resides at 20999 Star Route, Meadville, Pennsylvania 16335.

3.   Defendant, The Automobile Insurance Company of Hartford, Connecticut, is a Connecticut corporation authorized to conduct business and to issue policies of insurance in the Commonwealth of Pennsylvania, with principle offices located at One Tower Square, Hartford, Connecticut 06183.

4.   Defendant, The Travelers Indemnity Company, is a Connecticut corporation authorized to conduct business and to issue policies of insurance in the Commonwealth of Pennsylvania, with principle offices located at One Tower Square, Hartford, Connecticut 06183.

5.   Defendant, The Travelers Companies, Inc., is a Minnesota corporation authorized to conduct business and to issue policies of insurance in the Commonwealth of Pennsylvania, with principle offices located at 485 Lexington Avenue, New York, New York 10017.

6.   Defendants The Automobile Insurance Company of Hartford, Connecticut; The Travelers Indemnity Company; and The Travelers Companies, Inc., shall hereinafter be collectively referred to as "Defendants Travelers."

**FACTS**

7.   On or about June 29, 2018, at approximately 6:25 p.m., Plaintiff was operating a 2005 Harley-Davidson XL1200C Sportster Custom motorcycle traveling east on State Highway 3016, also known as Harmonsburg Road, in Summit Township, Crawford County, Pennsylvania.

8.   At the aforesaid time and place, the tortfeasor, Marianne Suprys (hereinafter "tortfeasor") was operating a Toyota SUV on State Highway 3016, also known as Harmonsburg Road, in Summit Township, Crawford County, Pennsylvania.

9. At the aforesaid time and place, the tortfeasor negligently and carelessly operated her vehicle into the motorcycle operated by Plaintiff.

10. At the aforementioned time and place, the tortfeasor brought her vehicle to a stop in the middle of the roadway without any signal or indication to other motorists on the roadway.

11. Plaintiff was operating his motorcycle on the roadway and came upon the tortfeasor's stopped vehicle in the middle of the roadway with no indication or signal as to the tortfeasor's next course of action. Plaintiff proceeded to pass the tortfeasor's stopped vehicle on the left side.

12. Suddenly, without signal or indication, the tortfeasor began a left turn resulting in a collision with the motorcycle operated by Plaintiff. The tortfeasor's negligence was a direct and proximate cause of the injuries sustained by Plaintiff.

13. As a direct and proximate result of the negligence and carelessness of the tortfeasor, Marianne Suprys, Plaintiff was caused to sustain serious and severe personal injuries including, but not limited to:

    a. Right comminuted fracture of the distal fibula and tibial shafts with overlap;

    b. Open reduction internal fixation requiring tibial nail and intramedullary rod insertion;

    c. Debridement surgery;

    d. Skin and muscle grafts;

    e. Weakness;

    f. Limited and/or impaired mobility;

    g. Difficulties with activities of daily living;

    h. Decreased endurance, strength, and range of motion;

    i. Permanent scarring and disfigurement;

    j.  Severe shock, strain, and sprain of the nerves, muscles, tissues, ligaments, and vessels of the musculoskeletal system; and

    k.  Other serious and severe injures as may be revealed by the medical records, the extent and nature of which are not known at this time.

  14. As a direct and proximate result of the aforesaid negligence and carelessness of the tortfeasor, Marianne Suprys, Plaintiff, sustained the following damages:

    a.  He has endured and will continue to endure great pain, suffering, inconvenience, and loss of enjoyment of life;

    b.  His general health, strength, and vitality have been impaired;

    c.  He has been embarrassed and humiliated;

    d.  He has been required, and will in the future be required, to expend large sums of money for medical attention, hospitalizations, medical supplies, medical appliances, medication, and various other medical treatment; and

    e.  He has suffered a loss of wages and his earning capacity has been impaired.

Plaintiff is entitled to non-economic damages provided under the full tort option of the Pennsylvania Motor Vehicle Code.

### HISTORY OF INSURANCE PROCEEDINGS

  15. At all times material hereto, the tortfeasor was insured by a policy of automobile insurance through Progressive Auto Insurance with bodily injury and liability limits in the amount of One Hundred Thousand Dollars ($100,000) per person.

  16. Plaintiff, through counsel, made a demand for the One Hundred Thousand Dollars ($100,000) bodily injury liability limits of coverage and claimed his injuries and damages were in excess of that amount.

  17. On March 6, 2019, Progressive Auto Insurance offered to pay to Plaintiff One Hundred Thousand Dollars ($100,000), the full liability limits, on behalf of tortfeasor Marianne Suprys.

18. The aforementioned bodily injury liability coverage was insufficient to compensate Plaintiff for his injuries and damages. As such, the tortfeasor was operating an "underinsured motor vehicle" as defined by 75 Pa.C.S. § 1702.

19. At the time of the collision, Plaintiff's 2005 Harley-Davidson XL1200C Sportster Custom motorcycle was insured under a policy with Progressive Preferred Insurance Company, specifically Policy No. 15758702 which was in full effect on the date of the aforementioned crash. A true and correct copy of Plaintiff's declarations page for the aforementioned policy with Progressive Preferred Insurance Company is attached hereto as **Exhibit "1"**.

20. Pursuant to Plaintiff's policy with Progressive Preferred Insurance Company, Plaintiff purchased underinsured motorist coverage in the amount of Twenty-Five Thousand Dollars ($25,000) per person <u>with stacking</u> on two motorcycles for a total of Fifty-Thousand Dollars ($50,000) of underinsured motorist coverage.

21. Plaintiff, through counsel, made a demand for the Fifty Thousand Dollars ($50,000) underinsured motorist stacked limits of coverage under the Progressive Preferred Insurance Company policy and claimed his injuries and damages were in excess of that amount.

22. On April 4, 2019, Progressive Preferred Insurance Company offered to pay to Plaintiff Fifty Thousand Dollars ($50,000), the full underinsured motorist stacked limits under the policy.

23. The aforementioned underinsured motorist coverage under Plaintiff's policy with Progressive Preferred Insurance Company was insufficient to compensate Plaintiff for his injuries and damages.

24. At the time of the collision, Plaintiff also had a policy of automobile insurance with Geico Advantage Insurance Company, specifically Policy No. 4547-53-99-83, insuring Plaintiff's

2007 Chevrolet Cobalt, which was in full effect on the date of the aforementioned accident. A true and correct copy of Plaintiff's declarations page for the aforementioned policy with Geico Advantage Insurance Company is attached hereto as **Exhibit "2"**.

25. Plaintiff, through counsel, opened an underinsured motorist claim with Geico Advantage Insurance Company, and recognizing its obligation to extend underinsured motorist coverage to Plaintiff, Geico Advantage Insurance Company sent a letter on April 3, 2019, acknowledging that obligation. A true and correct copy of the letter from Geico Advantage Insurance Company extending underinsured motorist coverage is attached hereto as **Exhibit "3"**.

26. Pursuant to Plaintiff's policy with Geico Advantage Insurance Company, Plaintiff purchased underinsured motorist coverage in the amount of One Hundred Thousand Dollars ($100,000) per person <u>with stacking</u> on the single automobile on that policy for a total of One Hundred Thousand Dollars ($100,000) of underinsured motorist coverage.

27. Plaintiff, through counsel, made a demand for the One Hundred Thousand Dollars ($100,000) underinsured motorist stacked limits of coverage under the Geico Advantage Insurance Company policy and claimed his injuries and damages were in excess of that amount.

28. On May 23, 2019, Geico Advantage Insurance Company offered to pay to Plaintiff One Hundred Thousand Dollars ($100,000), the full underinsured motorist stacked limits under the policy.

29. The aforementioned underinsured motorist coverage under Plaintiff's policy with Geico Advantage Insurance Company was insufficient to compensate Plaintiff for his injuries and damages.

30. At the time of the collision, Plaintiff also had a policy of automobile insurance with Infinity Insurance Companies (hereinafter, "Infinity"), specifically Policy No. 637141633991001,

insuring Plaintiff's 1970 Chevrolet Corvette, which was in full effect on the date of the aforementioned accident. A true and correct copy of Plaintiff's declarations page for the aforementioned policy with Infinity is attached hereto as **Exhibit "4"**.

31. Pursuant to Plaintiff's policy with Infinity, Plaintiff purchased underinsured motorist coverage in the amount of One Hundred Thousand Dollars ($100,000) with stacking on the single automobile.

32. On August 23, 2018, Infinity, sent a denial of coverage letter to Plaintiff, claiming that coverage was denied due to use of a household vehicle that was not insured under the Infinity policy.

33. Plaintiff believes that Infinity's denial of coverage is improper and a breach of contract, and a separate action has been filed against Infinity.

## THE TRAVELERS POLICY

34. At a time prior to the aforementioned crash, Plaintiff purchased a policy of automobile insurance from Defendants Travelers, specifically Policy No. 600799643-203-1 (hereinafter "The Travelers Policy"), insuring Plaintiff's 2017 Chevrolet Silverado and 2007 Chevrolet Impala SS, which was in full effect at the time of the aforementioned crash. A true and correct copy of The Travelers Policy, including the Declarations Page, is attached hereto as **Exhibit "5"**.

35. At all times material hereto, The Travelers Policy was subject to the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law ("PA MVFRL") and was in full force and effect.

36. Plaintiff is the Named Insured under The Travelers Policy. *See* Exhibit 5.

37. Plaintiff's purchase of The Travelers Policy included the purchase of uninsured and underinsured motorist ("UIM") benefits with limits of Fifty-Thousand Dollars ($50,000) per person, <u>with stacking</u>, on two vehicles, totalling One Hundred Thousand Dollars ($100,000) of UIM coverage. *See* Exhibit 5.

38. When Plaintiff purchased UIM coverage under The Travelers Policy, he elected to pay for the stacking option.

39. As a result of his decision to purchase UIM benefits under The Travelers Policy, Plaintiff paid, and Defendants Travelers accepted, increased policy premiums for The Travelers Policy.

40. As a Named Insured under The Travelers Policy, Plaintiff, who sustained injuries caused by an underinsured motorist, is entitled to UIM benefits provided by The Travelers Policy.

## COUNT 1 – BREACH OF CONTRACT

**TIM SMITH v. THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT; THE TRAVELERS INDEMNITY COMPANY; and THE TRAVELERS COMPANIES, INC.**

41. The averments set forth in Paragraphs 1 through 40 are incorporated herein by reference as if fully set forth at length.

42. On July 19, 2018, Plaintiff, through counsel, made a claim with Defendants Travelers pursuant to the terms set forth in The Travelers Policy, seeking UIM benefits afforded by The Travelers Policy.

43. On July 30, 2018, Defendants Travelers, via written correspondence, denied Plaintiff's claim based on the "household exclusion" contained in the policy. A true and correct copy of this correspondence is attached hereto as **Exhibit "6"**.

44. The Pennsylvania Supreme Court in its decision in <u>Gallagher v. Geico Indem. Co.</u>, 201 A.3d 131 (Pa. 2019), determined that the "household exclusion" was contrary to the Pennsylvania Motor Vehicle Financial Responsibility Law and, therefore, unenforceable.

45. On February 27, 2019, Plaintiff, through counsel, requested that Defendant Travelers re-open the subject claim in light of the <u>Gallagher</u> decision. A true and correct copy of this correspondence is attached hereto as **Exhibit "7"**.

46. On March 8, 2019, Defendant Travelers sent correspondence again citing the household exclusion as its basis for not providing UIM benefits. A true and correct copy of this correspondence is attached hereto as **Exhibit "8"**.

47. Here, Plaintiff purchased insurance benefits from multiple companies, electing to also purchase UIM benefits under each of those policies of insurance, further electing to purchase stacked benefits under each of those policies of insurance.

48. Defendants Travelers' denial of Plaintiff's claim for UIM benefits is contrary to Pennsylvania law, as set forth in <u>Gallagher</u>, as well as <u>National General Insurance Company v. Sheldon</u>, 860 Fed.Appx. 232 (Mem) (3rd. Cir. 2021) (not precedential).

49. Pursuant to The Travelers Policy, Defendants Travelers is required to "stand in the shoes" of the underinsured tortfeasor and is contractually required to pay the compensatory damages for bodily injury to which its insured, Plaintiff Tim Smith, is legally entitled to recover for bodily injuries caused by the tortfeasor.

50. Plaintiff provided prompt notification to Defendants Travelers of the collision, his injuries, and his damages, and has otherwise fully complied with the terms, conditions, and duties required under The Travelers Policy.

9

51. Plaintiff, through counsel, promptly requested UIM benefits from Defendants Travelers.

52. Defendants Travelers have a contractual obligation and duty pursuant to the terms set forth in The Travelers Policy to promptly investigate, evaluate, and negotiate the claim in good faith and arrive at a prompt, fair, and equitable settlement.

53. Despite sufficient opportunity to do so, Defendants Travelers have failed to properly investigate, evaluate, and negotiate the subject claim in good faith and to arrive at a prompt, fair, and equitable settlement.

54. Defendants Travelers have failed and refused to extend an offer and/or tender UIM benefits to Plaintiff.

55. Defendants Travelers have continued to deny Plaintiff's claim based on an exclusion in its policy that has been determined by the Pennsylvania Supreme Court to be unenforceable as contrary to the Pennsylvania Motor Vehicle Financial Responsibility Law.

56. Defendants Travelers have violated and breached its contractual duties under The Travelers Policy issued to Plaintiff by failing and refusing to pay UIM benefits to Plaintiff.

57. Plaintiff claims and is entitled to receive and recover any and all compensatory damages allowed under Pennsylvania law to fully and fairly compensate him for his injuries, losses, and damages sustained as a result of the negligence and carelessness of the tortfeasor, including, but not limited to, the damages set forth in this Complaint.

WHEREFORE, Plaintiff, Tim Smith, respectfully requests this Honorable Court enter judgment in his favor and against Defendants, The Automobile Insurance Company of Hartford, Connecticut; The Travelers Indemnity Company; and The Travelers Companies, Inc., in the

amount of $100,000.00, as well as interest, costs, and any other such relief that this Honorable Court deems appropriate.

**JURY TRIAL DEMANDED**

                                          Respectfully submitted,

                                          EDGAR SNYDER & ASSOCIATES, LLC

                                          By: /s/ Christopher T. Hildebrandt
                                                Christopher T. Hildebrandt, Esquire
                                                Pa. I.D. No. 82002

                                                Christine Zaremski-Young, Esquire
                                                Pa. I.D. No. 200219

                                                Firm No.
                                                Edgar Snyder & Associates, LLC
                                                600 Grant Street, 10th Floor
                                                Pittsburgh, PA 15219
                                                Attorneys for Plaintiff